UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )| |
| ) | |
| v. ) | Cause No. 1:19-CR-86-HAB |
| ) | |
| MICHAEL A. YODER ) | |

**OPINION AND ORDER**

On October 30, 2020, Defendant submitted an objection to the probation officer's assessment of a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B). At a November 19, 2020, telephonic sentencing status conference, the Court sustained that objection. The Court now enters this Opinion and Order for the purposes of explaining its reasoning.

**A.     Factual Background**

Defendant stole twelve firearms from his employer. According to the PSR, "YODER admitted that he later gave the twelve stolen firearms to his heroin dealer in order to pay off a preexisting drug debt of $600 owed to the dealer." (ECF No. 44 at 5). The Court has no other information regarding any past or future transaction between Defendant and his dealer.

**B.     Legal Analysis**

United States Sentencing Guideline § 2K2.1(b)(6)(B) provides for a four-level increase in a base offense level if the defendant:

> used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense.

The Commentary states that the enhancement should apply "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense or another offense, respectively." U.S.S.G. §2K2.1, cmt. n. 14(A). The enhancement can be applied regardless of

whether the defendant was charged or convicted of the other offense. *United States v. Sandidge*, 784 F.3d 1055, 1062 (7th Cir. 2015). The Government bears the burden of proving the applicability of the enhancement by a preponderance of the evidence. *Id*.

In its response to the objection, the Government proceeds under both clauses of the enhancement. It first asserts that Defendant possessed the firearms in connection with possession of narcotics, a felony under Ind. Code § 35-48-4-6. As the Government sees it, "[i]f Yoder owed [his dealer] $600, it is unlikely [his dealer] would have continued to supply heroin to feed Yoder's significant addition unless he was paid back for what he was already owed. Stealing the firearms and giving them to [the dealer] enabled Yoder to cancel his drug debt and cleared the way for him to acquire more heroin." (ECF No. 45 at 2).

The Government's logic strikes the Court as being exactly backward. There is no indication anywhere in the PSR that the guns were connected to future drug transactions. Instead, they were to pay a past debt. To the extent that the guns were connected to the possession of a narcotic, that possession had already been completed. As a matter of existential fact, an act cannot facilitate something that has already occurred. *See United States v. Wyatt*, 102 F.3d 241, 247 (7th Cir. 1996) (defining facilitating as having "some potential emboldening role in a defendant's felonious conduct"). As such, the Court finds that the Government has failed to carry its burden in showing that the firearms were possessed in connection with another felony offense.

The Government's position with respect to the second clause fares no better. The argument presented by the Government here is an example of an all too common, yet legally suspect, argument the Government has presented repeatedly in different cases and contexts. The Government utters the phrase "drug dealer," notes that "[g]uns are widely known to be tools of the drug trade," (ECF No. 45 at 2), and then asserts, with no further evidence, that the subject dealer

must have used a gun as part of their drug enterprise. Whatever superficial appeal this argument has, it cannot carry the Government's burden to prove the applicability of an enhancement by a preponderance of the evidence.

The out-of-circuit caselaw cited by the Government does little to change the Court's opinion. *United States v. Freeman*, 640 F.3d 180 (6th Cir. 2011), which the Government represents as holding that "defendant's sale of firearms to his heroin dealer in exchange for heroin and cash sufficient for four-level enhancement," (ECF No. 45 at 2), addresses a wholly-separate enhancement. *See Freeman*, 640 F.3d at 189 ("Freeman's sale of firearms to his heroin dealer can form the basis for the district court's *§ 2K2.1(b)(5)*[1] enhancement") (emphasis added). *Freeman*, then, does nothing to advance the analysis of the application of the (b)(6)(B) enhancement at issue here. *United States v. Fuller*, 426 F.3d 556, 563 (2nd Cir. 2005), addresses a different factual circumstance, where guns are *directly* exchanged for drugs. Defendant made no such exchange.

*United States v. Mitchell*, 328 F.3d 77 (2nd Cir. 2003), best illustrates where the Government's proof in this case fails. In *Mitchell*, the relevant enhancement was premised on the transfer of a firearm to a drug dealer, just as the Government urges here. However, in that case there was evidence that the transferee "was a drug dealer who owned guns *and regularly carried guns himself.*" *Id*. at 83 (emphasis added). The defendant in *Mitchell*, then, had reason to believe not only that he was transferring firearms to a drug dealer, but also had a specific, fact-based reason to believe that they would be used as part of a drug trafficking operation.

---

[1] U.S.S.G. § 2K2.1(b) was amended in 2006 to move subsections (b)(5) and (b)(6) to (b)(6) and (b)(7), respectively. Thus, pre-2006 cases that cite to § 2K2.1(b)(5) are relevant to the issues presented here. *Freeman*, on the other hand, is a 2011 case, so it's interpretation of § 2K2.1(b)(5) is irrelevant. To the extent that the citation to *Freeman* can be interpreted to be an invitation to the Court to apply (b)(5), the Court declines. Any attempt to apply (b)(5) suffers the same lack of evidence: it would require the Court to assume, without evidence, that Defendant knew or had reason to believe that his drug dealer had been convicted of a prior crime of violence or controlled substance offense. U.S.S.G. §2K2.1, cmt. n. 13. There is no such evidence here.

This additional layer of evidence is precisely what is missing here. This Court is unwilling, under the guise of inference, to allow the Government to satisfy its burden through generalization and speculation. That is particularly true where, as here, there is no evidence of a temporal or spatial connection between guns and drugs. Many, if not most, drug dealers do carry guns as part of their illegal trade. That said, to simply assume away this connection for each drug dealer in every case renders the Government's evidentiary burden meaningless. *See*, *e.g.*, *United States v. Moody*, 915 F.3d 425, 431 (7th Cir. 2019) ("Because the inferential leap required by common sense is too great here, the government has not met its burden"); *United States v. Fries*, 2017 WL 2115973 at *4 (N.D. Ind. May 16, 2017) (refusing to apply (b)(6)(B) where "there is little evidence in the record to suggest that the Defendant needed protection for his drug activity, or that it was of such a large scale that the need for such protection can be presumed")

Where, as here, there is only a transfer of a firearm to a drug dealer, no evidence of guns and drugs together, and no evidence regarding the drug dealer's propensity to carry a weapon during his drug transactions, the Court finds that the Government has failed to demonstrate the applicability of § 2K2.1(b)(6)(B) by a preponderance of the evidence. Accordingly, Defendant's objection to the enhancement in this case is SUSTAINED.

SO ORDERED on December 17, 2020.

                                               s/ *Holly A. Brady*
                                              JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT